UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO

------------------------------------------------------

BRANDI BRODZENSKI,

      Plaintiff,

vs.

STONEMOR PARTNERS, L.P., *et al.*,

      Defendants.

------------------------------------------------------

CASE NO. 1:14-cv-2517

OPINION & ORDER
[Resolving Doc. 25]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Stonemor Partners, L.P., Stonemor Operating LLC, and Stonemor GP LLC ("Stonemor") move to dismiss Plaintiff Brandi Brodzenski's complaint for failure to state a claim.[1] For the following reasons, Stonemor's motion is **DENIED**.

## I. Background

Plaintiff Brandi Brodzenski seeks to certify a Fair Labor Standards Act ("FLSA") collective action against Stonemor, her former employer.[2] Stonemor operates cemeteries across the country, including cemeteries in Ohio, and employed Brodzenski as a family counselor and family advisor from November 2007 to October 2014.[3] Brodzenski alleges that she routinely worked more than forty hours a week without overtime pay. She alleges that Stonemor required employees to under-report hours worked, and that Stonemor would modify time sheets reporting more than forty hours.[4]

---

[1] Doc. 25. Brodzenski has responded. Doc. 43. Stonemor has replied. Doc. 47.
[2] Doc. 21.
[3] *Id.* at 3.
[4] *Id.*

Case No. 1:14-cv-2517
Gwin, J.

## II. Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] The plausibility requirement is not "akin to a probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[6]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[7] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[8] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations."[9]

## III. Analysis

Stonemor makes several weak arguments in its motion to dismiss Brodzenski's complaint. Stonemor asserts that the complaint "suffers from a lack of detail that renders it deficient under the federal pleading standards."[10] Specifically, Stonemor argues that the complaint fails to identify any specific FLSA violation affecting Plaintiff, and fails to allege that Plaintiff worked more than forty hours in a particular week.

Neither argument succeeds. Brodzenski need only provide a short and plain statement of a

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[6] *Id.*
[7] Fed. R. Civ. P. 8(a)(2).
[8] *Iqbal,* 556 U.S. at 678-79 (citations omitted).
[9] *Id.*
[10] Doc. 25 at 1.

Case No. 1:14-cv-2517
Gwin, J.

claim that is plausible on its face. Here, Brodzenski has alleged that she worked for Stonemor; that Stonemor engages in interstate commerce and thus is covered by the FLSA; and that she routinely worked more than forty hours a week without overtime pay. These facts, accepted as true, state a plausible FLSA claim.[11]

Stonemor next argues that Brodzenski fails to identify at least one particular week in which she worked more than forty hours. Stonemor argues that other circuits require FLSA plaintiffs to plead specific weeks for which overtime was denied. Stonemor concedes, however, that no Sixth Circuit case imposes this requirement.[12]

Brodzenski states that between 2007 and 2014, she regularly worked more than 40 hours per week without overtime pay. The Court will not impose some requirement that Brodzenski list a particular week within that time frame or face dismissal of her complaint. Even if Stonemor were correct in its argument, Brodzenski could easily amend her complaint and list a single week where she allegedly worked more than forty hours.

Stonemor can argue the merits of Brodzenski's allegations at a later juncture. For now, Brodzenski has stated a claim for relief that is plausible on its face.

Thus, Stonemor's motion to dismiss is **DENIED**.

IT IS SO ORDERED.

Dated: March 20, 2015                             s/      *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[11] *Miller v. AT & T Corp.*, No. 1:13-CV-01422, 2013 WL 5566698, at *2 (N.D. Ohio Oct. 9, 2013).
[12] Doc. 47 at 3.