UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

BRANDI BRODZENSKI,  :  CASE NO. 1:14-cv-2517

    Plaintiff,  :

vs.  :  OPINION & ORDER
   :  [Resolving Doc. 55]

STONEMOR PARTNERS, L.P., *et al*.,  :

    Defendants.  :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Brandi Brodzenski seeks to certify a Fair Labor Standards Act ("FLSA") collective action against her former employer and several affiliated entities.[1] Defendants Stonemor Partners, L.P., Stonemor Operating LLC, and Stonemor GP LLC ("Stonemor") oppose conditional certification.[2] For the following reasons, the Court **GRANTS** Brodzenski's motion for conditional certification.

### I. Background

    Stonemor owns and operates cemeteries across the country. From November 2007 to October 2014, Brodzenski worked for Stonemor in Ohio as a family counselor and family advisor.[3] Brodzenski alleges that she routinely worked more than forty hours a week without overtime pay. She alleges that Stonemor required employees to under-report hours worked, and that Stonemor

---

[1] Doc. 55.
[2] Doc. 60.
[3] Doc. 1 at 3.

Case No. 1:14-cv-2517
Gwin, J.

would modify time sheets reporting more than forty hours.[4/]

## II. Standards

A plaintiff alleging an FLSA violation can bring a representative action for herself and similarly situated persons. To do so, "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action."[5/]

Neither the FLSA nor the Sixth Circuit have explicitly defined the term "similarly situated."[6/] Nevertheless, FLSA plaintiffs may proceed collectively in cases where "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."[7/]

The Sixth Circuit uses a two-stage certification process to determine whether a proposed group of plaintiffs is "similarly situated."[8/] First, the "notice" stage helps determine whether there are plausible grounds for plaintiffs' claims.[9/] Generally, a plaintiff at this stage must make only a "modest factual showing" and needs to establish "only that 'his position is similar, not identical, to the positions held by the putative class members.'"[10/] Because the court has limited evidence at this stage, this standard is "fairly lenient," and "typically results in 'conditional certification' of a representative class."[11/]

---

[4/]*Id.*

[5/]*Comer v. Wal-Mart Stores*, Inc., 454 F.3d 544, 545 (6th Cir. 2006) (citing 29 U.S.C. § 216(b) and *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 167–68, (1989)).

[6/]*O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009).

[7/]*Id.* at 585.

[8/]*Comer*, 454 F.3d at 547.

[9/]*Id.* (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D 591, 595 (S.D. Ohio 2002)).

[10/]*Id.*

[11/]*Id.* (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)).

Case No. 1:14-cv-2517
Gwin, J.

However, "[w]hen the parties have been allowed to conduct some discovery on the issue of conditional certification, courts generally hold the plaintiff to a higher standard of proof than that typically employed at stage one to determine if conditional certification is proper."[9] In such cases, courts use an "intermediate standard of proof, often called a 'modest plus factual showing.'"[10]

The contours of this intermediate standard remain ambiguous.[11] Under the "modest plus" standard, the "Court will compare Plaintiffs' allegations set forth in their Complaint with the factual record assembled through discovery to determine whether Plaintiffs have made sufficient showing beyond their original allegations that would tend to make it more likely that a class of similarly situated employees exists."[12]

The second stage of collective action certification occurs after "all of the opt-in forms have been received and discovery has concluded."[13] "At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated."[14]

### III. Analysis

**A. Factual Showing: Modest or Modest Plus**

Stonemor maintains that Brodzenski must satisfy the "modest plus" factual showing to gain conditional certification because she has been afforded the opportunity to conduct some discovery.

---

[9] *Anderson v. McCarthy, Burges & Wolff, Inc.*, No. 1:14-CV-617, 2015 WL 224936, at *3 (N.D. Ohio Jan. 15, 2015).
[10] *Id.*
[11] *See Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 823-26 (N.D. Ohio 2011).
[12] *Id.* at 827.
[13] *Comer*, 454 F.3d at 546 (quoting *Goldman v. RadioShack Corp.*, No. S:03-CV-0032, 2003 WL 21250571, at *6 (E.D. Pa. Apr.17, 2003).
[14] *Id.* at 547.

Case No. 1:14-cv-2517
Gwin, J.

Brodzenski responds that while Stonemor has done its own discovery on conditional certification, Stonemor has not adequately responded to Brodzenski's discovery requests. Brodzenski says Stonemor asks for an elevated conditional certification standard while simultaneously denying Brodzenski the discovery she needs to meet it.[15]

Because there is a dispute about whether sufficient discovery has been permitted, the Court will employ the standard "modest" factual showing required for conditional certification, rather that the elevated "modest plus" standard. The Court notes that the difference between these two standards appears to be marginal in this case.

**B. Certification of a Nationwide Class**

Stonemor makes several arguments in opposing certification of a nationwide class of family counselors and family advisors.

First, Stonemor says Brodzenski has provided no evidence "supporting her claim of a companywide policy prohibiting employees from recording all of the hours they worked."[16] In response, Brodzenski points to deposition testimony in which she and other putative opt-ins state that they were clearly instructed to under-report their hours.[17]

Brodzenski testified "I was told by my manager not to put more than 40 hours on my time card."[18] Another former employee testified that under-reporting hours "was the unwritten rule."[19]

---

[15] Doc. 61 at 5.
[16] Doc. 60 at 7.
[17] *See, e.g.*, Doc. 61-4 at 2 ("Q: So you were told to not report more than 40 hours in a workweek even if you worked more than 40 hours? A: Yes.")
[18] *Id*.
[19] Doc. 61-6 at 3.

-4-

Case No. 1:14-cv-2517
Gwin, J.

One employee testified "we were consistently told not to record high hours."[20] Contrary to Stonemor's argument, Brodzenski has provided more than "unverified allegations" that are "unsupported by any evidence" that Stonemor instructed employees to under-report their hours.[21] Brodzenski has thus made a modest factual showing in support of conditional certification.

Second, Stonemor says Brodzenski has at best shown a location-specific practice of under-reporting hours at properties in Ohio. Stonemor says evidence limited to a single state cannot support conditional certification of a nation-wide class of up to 3,000 employees.[22] Stonemor submits a declaration that it has a clear nationwide policy of instructing all employees to properly record their time.[23] Stonemor points to Brodzenski's own deposition testimony that she "cannot recall" that the practice of under-reporting hours was "company-wide."[24]

In response, Brodzenski notes that employees from eleven cities and five different states have already submitted opt-in declarations alleging that they were told to under-report their hours and did not receive sufficient overtime pay.[25] Further, Brodzenski points to testimony from other putative opt-ins that the policy of under-reporting hours came from managers and regional vice presidents at Stonemor.[26] Brodzenski, especially at this stage, need not conclusively prove that a nationwide policy existed. Instead, she must point to evidence that such a policy may have existed in order to gain conditional certification and further discovery. At the later decertification stage, Stonemor can argue that Brodzenski has mustered insufficient evidence of nationwide policies that violate the

---

[20] Doc. 61-5 at 3.
[21] Doc. 60 at 8.
[22] *Id*.
[23] Doc. 60-6.
[24] Doc. 60 at 10.
[25] Doc. 55 at 9.
[26] Doc. 61 at 7.

Case No. 1:14-cv-2517
Gwin, J.

FLSA.

Third, Stonemor asserts that Brodzenski's allegations are "too vague and conclusory to support conditional certification."[27/] Stonemor says that other opt-in Plaintiffs have simply copied boilerplate allegations derived from previously submitted forms. But Brodzenski has provided more than conclusory allegations: she points to testimony from multiple depositions that support of her claims. The other declarations make a short and plain statement that the putative collective action members are similarly situated and did not receive their overtime pay.

Stonemor points to cases in which courts scrutinize generic opt-in forms. But courts look for a stronger showing that "Plaintiffs' evidence is unreliable," such as instances where "named plaintiffs and supervisors contradicted their own affirmations in their deposition testimony."[28/] Brodzenski has provided a modicum of evidence consistent with her allegations that she and a class of other individuals were denied overtime pay. As a result, she meets the minimal factual showing required for conditional certification.

### IV. Conclusion

The Court **GRANTS** Plaintiff Brodzenski's motion for conditional certification of a class consisting of all family counselors and family advisors employed by Defendant Stonemor nationwide at any time between November 14, 2011, and the present.

The Court **ORDERS** Stonemor to provide Brodzenski with the name, last known home address (including zip code), last known telephone number, last known email address, and dates of

---

[27/] Doc. 60 at 12.
[28/] *Postiglione v. Crossmark, Inc.*, No. CIV 11-960, 2012 WL 5829793, at *5 (E.D. Pa. Nov. 15, 2012). *See also Hughes v. Twp. of Franklin*, No. CIV. 13-3761, 2014 WL 1428609, at *3 (D.N.J. Apr. 14, 2014) (noting "several deficiencies" in Plaintiff's proffered evidence for conditional certification but granting conditional certification nonetheless).

Case No. 1:14-cv-2517
Gwin, J.

employment of all individuals within the above-defined class.

Additionally, the Court **ORDERS** that, within fifteen days of the date of this Order, the parties shall submit to the Court proposed language for notification and consent forms to be issued by the Court apprising potential plaintiffs of their rights under the FLSA to opt-in as parties to this litigation. In drafting the proposed notification language, the parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action."[29]

IT IS SO ORDERED.

Dated: May 28, 2015             s/ *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[29] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).