```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
BRANDI BRODZENSKI,                          :     CASE NO. 1:14-cv-2517
                                            :
        Plaintiff,                          :
                                            :
vs.                                         :     OPINION & ORDER
                                            :     [Resolving Docs. 68, 69]
STONEMOR PARTNERS, L.P., et al.,            :
                                            :
        Defendants.                         :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this recently certified FLSA collective action,[1] the parties disagree on whether the FLSA's three-year statute of limitations should be equitably tolled so more opt-in parties can join.

Opt-in notices will be mailed on June 15, 2015. Defendants Stonemor say that notice should be sent only to employees that worked at Stonemor within three years of that date.[2] Plaintiff Brodzenski says the Court should equitably toll the statute of limitations from November 11, 2014, the day she filed her complaint.[3] Brodzenski estimates that nearly 600 additional individuals could join the collective action if the statute is tolled.[4]

For the following reasons, the Court **ORDERS** that notices be sent to individuals who worked at Stonemor within three years of June 15, 2015.

**I. Standards**

---

[1] Doc. 65.
[2] Doc. 68.
[3] Doc. 69.
[4] *Id.* at 1.

Case No. 1:14-cv-2517
Gwin, J.

An action for willful violation of the FLSA must be commenced within three years of the date the cause of action accrued.[5] In the case of a collective action, such as this one, if the individual claimant does not immediately file written consent to become a party plaintiff or if his or her name does not appear on the initial complaint, the action is considered to be commenced when the plaintiff files a written consent.[6]

However, the doctrine of equitable tolling permits courts to extend the statute of limitations on a case-by-case basis to prevent inequity. A plaintiff must show she is entitled to equitable tolling,[7] as it is an extraordinary remedy to be granted "only sparingly."[8]

The Sixth Circuit has articulated five factors to guide courts in determining whether equitable tolling should apply:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.[9]

## II. Analysis

Brodzenski makes several arguments in favor of equitable tolling. First, she says that opt-ins whose claims expired between November 2014 and June 2015 had no actual or constructive notice of their filing requirements. Next, she argues that she has diligently pursued the rights of the potential class, and that certification was delayed because Stonemor filed numerous motions in opposition. Finally, Brodzenski says that Stonemor will not be prejudiced by equitable tolling, as

---

[5] 29 U.S.C. § 255(a).
[6] 29 U.S.C. § 256.
[7] *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).
[8] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).
[9] *Cook v. Comm'r of Social Security*, 480 F.3d 432, 437 (6th Cir. 2007) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Case No. 1:14-cv-2517
Gwin, J.

they have been sued on essentially the same claim in other regions and were "fully aware of the potential scope of this case" when other actions were filed in 2012.[10]

These arguments are not enough to justify equitable tolling. The potential opt-in plaintiffs whose claims have expired had constructive knowledge of their own FLSA claims, as they knew their hours worked, the pay they received, and were allegedly subjected to a nationwide policy forcing them to under-report their time. Diligent plaintiffs in this situation would have sued before their causes of action expired.[11] The fact that some individuals may not have had actual knowledge of this suit does not justify extending a three-year statute of limitations an additional seven months.

Furthermore, Stonemor's motions to contest certification of this collective action do not constitute an extraordinary delay. Brodzenski and Stonemor discussed equitable tolling as early as February 2015, when Stonemor indicated it would not agree to such tolling.[12] Brodzenski, however, did not bring this issue to the Court's attention until June 2015.

Indeed, Brodzenski points to previous FLSA suits in which Stonemor successfully fought nationwide certification of a collective action. As a result, Brodzenski should have anticipated – and Stonemor cannot be blamed for – fighting conditional certification in the present case. The fact that some claims expire during the certification process is an inevitable reality of the FLSA statute of limitations.

Finally, the overall timeline of this case does not support equitable tolling. Courts have granted equitable tolling in cases where a year elapsed between the date conditional certification was

---

[10] Doc. 69 at 3-5.
[11] *See* Opre v. Milton Twp. Bd. of Trustees, No. 4:07-CV-1493, 2007 WL 4350709, at *4 (N.D. Ohio Dec. 7, 2007).
[12] Doc. 69 at n.2.

Case No. 1:14-cv-2517
Gwin, J.

requested and the date notices were issued.[12] In this case, Brodzenski moved for conditional certification on April 13, 2015.[13] Notices will be mailed two months later, on June 15, 2015. The class of individuals who may still opt-in to the action numbers in the thousands.

Overall, the factual background of this case does not support tolling the statute of limitations to preserve additional potential claims.

Therefore, the Court **ORDERS** that notices be sent to individuals who worked at Stonemor within three years of June 15, 2015.

IT IS SO ORDERED.


Dated: June 12, 2015                              s/         *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[12]*See* Struck v. PNC Bank N.A., 931 F. Supp. 2d 842, 847 (S.D. Ohio 2013) (noting the "delay constitutes more than one-third of the FLSA's statute of limitations period and has the potential to extinguish the claims of a substantial portion of the putative class").

[13]Doc. 55.